IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS DOBALDO and JULIO RAMOS, Individually and On Behalf of All Similarly Situated Persons, Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:18-cv-0181 |
| OAK COMMERCIAL CONSTRUCTION, L.L.C., AARON ZAPPAS and NEAL BEAKEY, Defendants. | § § | JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Denis Doblado and Julio Ramos and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

**Parties**

1. Plaintiffs Denis Doblado ("Doblado") and Julio Ramos ("Ramos), former employees of Defendants, were personally engaged in interstate commerce during their employment with the Defendants, and are represented by the undersigned.

2. Defendant Oak Commercial Construction, L.L.C. ("OCC") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiffs and Members of the Class OCC is subject to the provisions of the FLSA. OCC was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. OCC

may be served through its registered agent, Jeffrey W. Hitt at 6207 Northway Dr., Spring, Texas 77388, or wherever he may be found.

3. Defendant, Aaron Zappas ("Zappas") is an individual resident of the State of Texas and is an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, Zappas is subject to the provisions of the FLSA. Zappas was at all relevant times the control person of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(r) and (b) and had gross annual revenues in excess of $500,000.00. Defendant Zappas may be served with process at 7603 Dowdell Rd., Suite 2, Spring, Texas 77389 or at 6510 Inway St., Spring, Texas 77389, or wherever he may be found.

4. Defendant, Neal Beakey ("Beakey") is an individual resident of the State of Texas and is an "employer" as that term is defined by the FLSA. With respect to Plaintiffs, Beakey is subject to the provisions of the FLSA. Beakey was at all relevant times the control person of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(r) and (b) and had gross annual revenues in excess of $500,000.00. Defendant Beakey may be served with process at 7603 Dowdell Rd., Suite 2, Spring, Texas 77389 or at 29014 Village Creek Loop, Spring, Texas 77386, or wherever he may be found.

**Jurisdiction and Venue**

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

**Factual Allegations**

7. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

9. At all times pertinent to this Complaint, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business(es).

10. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

11. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

12. Plaintiff Denis Doblado worked for Defendants as a general construction worker for several months beginning on January of 2017. Doblado's duties include(ed), but were not limited to, taping and floating sheetrock, preparing walls that were to be painted and painting interior walls.

13. Plaintiff Julio Ramos worked for Defendants as a painter from September of 2017 until November of 2017. Ramos' duties include(ed), but were not limited to, taping and floating

3

sheetrock, adding texture to walls and painting interior walls.

14. During their tenure with the Defendants, Plaintiffs regularly worked in excess of 40 hours per week.

15. Plaintiffs were paid on an hourly and/or day-rate basis and were not paid an overtime premium for hours worked over 40 hours per workweek.

16. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

17. Defendants are jointly and severally liable to the Plaintiffs and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise as defined in terms of the FLSA.

### Plaintiffs' Individual Allegations

18. Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

19. Defendants failed to pay the Plaintiffs the required overtime premium in many such workweeks that the Plaintiffs were employed by Defendants, as the Plaintiffs worked in excess of 40 hours in most weeks.

20. No exemption excuses the Defendants from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA.

21. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

22. Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

## Collective Action Allegations

23. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other employees on the same basis as the Plaintiffs.

24. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs performing the same type of work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

25. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

26. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Members of the Class.

27.     No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

28.     Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as construction workers and/or painters by Defendants Oak Commercial Construction, L.L.C., Aaron Zappas or Neal Beakey during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

29.     Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

30.     Plaintiffs and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

31.     Defendants are liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

32.     Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1.     Issuance of notice as soon as possible to all persons employed by Oak Commercial Construction, L.L.C., Aaron Zappas or Neal Beakey as construction workers

       and/or painters during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

       Respectfully Submitted,

       **THE BUENKER LAW FIRM**

       */s/ Josef F. Buenker*
       Josef F. Buenker
       TBA No. 03316860
       jbuenker@buenkerlaw.com
       2060 North Loop West, Suite 215
       Houston, Texas 77018
       713-868-3388 Telephone
       713-683-9940 Facsimile

       **ATTORNEY-IN-CHARGE FOR PLAINTIFFS DENIS DOLBALDO AND JULIO RAMOS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFFS**
**DENIS DOLBALDO AND JULIO RAMOS**